FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  SEP 1 6 2011  ★

LONG ISLAND OFFICE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

..................................................................................

In re:                                        8 - 11-74257 (REG)

FEIGE ZARETSKY                                          Chapter 13

CV 11 4480
FEUERSTEIN, J

Debtor.

## NOTICE OF APPEAL

Feige Zaretsky, the Debtor herein, hereby appeals from the order of the bankruptcy judge, denying debtor's motion seeking an extension of the 30 day automatic stay, and certain declaratory relief, and certain other relief, signed and entered on July 18, 2011.

The names of all parties to the order, appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Please see list attached hereto as Exhibit "A"

Dated: July 27, 2011

FEIGE ZARETSKY c/o
Berlin
1909 New York Avenue
Brooklyn, NY 11210
(917)803-4155

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
..............................................................x
In re:                                                    11-74257 (REG)

     FEIGE ZARETSKY

                           Debtor.
..............................................................x

## <u>AFFIDAVIT IN SUPPORT OF BANKRUPTCY COURT APPEAL</u>

The undersigned Debtor, Feige Zaretsky, being duly affirmed, deposes and states under the penalties of Perjury as follows:


    1.  I respectfully move to appeal a Bankruptcy Court order, dated July 18, 2011, a copy which is annexed hereto as Exhibit "A", issued by the Hon. Robert E. Grossman, on a Notice of Motion and Application, dated June 22, 2011,  by the Debtor, Feige Zaretsky, and which was returnable on July 13, 2011.


    2.  A copy of the aforesaid Bankruptcy Court Notice of Motion and Application with its' respective exhibits accompanies this Appeal and is marked as ADDENDUM ONE.


    3.  The bankruptcy court motion seeks, among other things, vacatur of a state court action for purported libel, commenced as a fraudulent scheme in order to cancel out maintenance payments that I was awarded against my ex-husband in our divorce action, who is one of the plaintiffs in that action.  However, as described therein, during late May 2010, my father discovered that the plaintiffs' counsel in

that action had failed to serve a notice of entry of the underlying order granting summary judgment on default in that action, thereby voiding all the subsequent money judgments thereof.

4. Additionally, a copy of a cover letter, dated June 29, 2010, written by my father, Aaron Berlin, that accompanied the subject Bankruptcy Court motion, and which was served on all creditors to this proceeding, is made a part of this appeal, and is annexed hereto as Exhibit "B".

5. While the subject motion discusses the hurdles that have been unjustly placed to hinder my proceeding on the merits at the state court under Index No. 17869-08, the aforesaid letter at page 3 furthermore reveals a clandestine fraud scam under another index number in a second case before another judge, discovered by my father at the state court during this past June, just after my bankruptcy court motion was already completed. In trying not to appear like I was looking to digress from the issues in my motion, the said letter did not elaborate or reveal the name of the state court judge that was caught red handedly facilitating that fraud scam, in which my home was supposed to be sold via a falsified default in that second action while my father and I were overly occupied defending under the first action.

6. Regarding both of the injustices, the undersigned debtor should not be seen as a disgruntled litigant that is unhappy with the outcome of a case, or upset with a judge's ruling. **In the first case** described within the motion, there are only pending motions before that judge; there are no previous motions that have as yet been decided. **In the second case**, a notice of motion was served that intentionally

didn't notice the judge assigned to the case, but instead noticed the judge in the first case. The intention was to obtain a falsified default judgment that would see my home sold by the sheriff without the current homestead exemption amount, but where the exemption would be just one-third the current rate.

7. In the aforementioned second case, I submitted papers in opposition, and even received Reply papers from the adversary attorney, yet, I was found to be in "default", with a decision reading "settle an order on notice" – something uncommon when one party is a non-attorney appearing pro se, especially when the pro se is deaf from birth and learning disabled. Apparently, someone believes I am only entitled to notice after the fact.

8. As a further description of the situation described above, as well as the evidence thereof, I have provided as ADDENDUM TWO with this Appeal a copy of my request for a temporary restraining order at the United States District Court, dated July 21, 2011, which I am told was denied due to lack of subject matter jurisdiction.

9. Annexed as ADDENDUM THREE is a copy of my show cause in the second case to state court Judge Ute Wolff Lally seeking (1) vacatur of my default; and, (2) denial of the clandestine motion; and, (3) upon the vacatur of the default, and denial of the motion, to issue an order recusing herself from the case.

10. As further evidence of the fraud scheme, I have annexed a copy of the opposition papers submitted by Michael D. Solomon, the lawyer that devised the

3

fraud scheme, and whose papers likewise reflect his intent to defraud and scam the undersigned debtor of her real property. Please see annexed Exhibit "C".

11.     This past Friday, my father and I were at the Appellate Division, Second Department, seeking a stay of the Nassau County Sheriff from selling my rights to my home in Plainview, New York. The clerk questioned the opposing counsel, as to why it was necessary to open a new case with a new index number, when there was already existing an underlying action, and there was already a money judgment issued in that underlying action. He had nothing to answer, despite his seeing that the Appellate Court clerk realized that the second action was commenced with fraudulent intent.   Previously, my father gave Michael D. Solomon, the opposing counsel, the benefit of the doubt, and believed there was a valid answer to the filing of the second action, but the answer that he had considered, he was told was not correct. The reason for the second action was solely to facilitate a fraud, as I shall explain next.

12.   The underlying action was commenced on September 26, 2008, under Index No. 17869/08, and assigned to Judge Feinman, until his sudden "mysterious" recusal on August 9, 2010.

13.   Michael Solomon's second action sought an order directing the Nassau County Sheriff to sell the rights to my home.  His petition was returnable on May 10, 2010, and Judge Feinman issued his order on May 26, 2010.   However, the order that Judge Feinman issued is extremely strange on its face, to say the minimum, as shown next.

4

14.   By just glancing over the order of Judge Feinman, dated May 26, 2010, a copy which is annexed hereto as Exhibit "D", it appears that the order is an "orphan" with no mother or father, and no ancestry at all connecting it to any particular money judgment.   Accordingly, such an order without any ancestry to a particular money judgment, permits the clients of Michael Solomon to collect not once but twice on the same purported judgment.   Additionally, the auxiliary second order, because it is drafted as an "orphan" remains immune from attack against the underlying order. For instance, when I succeed on a motion against the validity of the underlying money judgment, by showing for instance that there was never service of a notice of entry of the underlying order, or that the inquest held thereof was not valid under law and had no right to proceed, the auxiliary second order will not appear affected, because it contains no described connection with the underlying order.

15.   It was precisely such an order as the one described above that Michael D. Solomon demanded and received from Judge Thomas Feinman, to assure him success against the defendants/debtor despite the illegality of the inquest and subsequent money judgments, over his failing to serve defendants/debtor with a notice of entry of the underlying order

16.  The Bankruptcy Court should have protected the debtor from such a "wild card" order, as well as from the other injustices described in the motion, by granting the debtor an extension of the automatic stay, as well as ruling in debtor's favor on the other aspects of her motion therein.

5

17.  For all the reasons set forth herein, and within the accompanying exhibits and Addendums, the debtor's appeal should be granted in its entirety.

W H E R E F O R E, your deponent prays that this Honorable Court will grant my appeal in all aspects, as described in my motion to the Bankruptcy Court, and any other further relief that this Court deems just and proper.

DATED: July 27, 2011

FEIGE ZARETSKY

6

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

                                         Chapter 13

      FEIGE ZARETSKY A/K/A
      FEIGE SARA ZARETSKY,                 Case No.: 11-74257-REG

                    Debtor(s).          **ORDER**
----------------------------------------------------------X

       Upon the Notice of Motion and Application of Feige Zaretsky, with due proof of service

thereof, and upon the reading and filing of said Notice of Motion and Application, dated June 22,

2011, and the issues raised by said Application having come on for hearing before this Court on

July 13, 2011, and there being papers filed in opposition thereto, and after hearing debtor and

Richard F. Artura, Esq., attorney for the creditor in opposition, and due deliberation having been

had therein, it is pursuant to 11 U.S.C. 362

       ORDERED, that debtor's Motion to Extend the Automatic Stay is denied.

.



Dated: Central Islip, New York                       Robert E. Grossman
      July 18, 2011                            United States Bankruptcy Judge

.





Aaron Berlin
1909 New York Avenue
Brooklyn, NY 11210
(917)803-4155

June 29, 2011

Hon. Robert E. Grossman United
States Bankruptcy Court Eastern
District of New York Courtroom
No. 860 290 Federal Plaza Central
Islip, New York

RE: Feige Zaretsky, Chapter 13
Case No. 8-11-74257

Dear Your Honor,

I am the father of the Debtor, Feige Zaretsky, in the above reference proceeding.
Feige is deaf from birth and learning disabled and requires much assistance,
particularly when it comes to court matters and schedules, and I do my utmost to
provide her with my help. Feige has filed an Application and motion seeking an
extension of the automatic stay and relief pertaining to certain judgments procured
through a scam in which she was targeted. In her Affidavit in support she is also
requesting an additional thirty days to submit the necessary documentation under
Chapter 13 to the Trustee. In support of this separate request, I assure the
Honorable Court that full priority will be given to see that the necessary documents
are submitted to the Trustee, without need for any further delay.

Feige's Application and a motion, returnable July 6, 2011, seeks to void a series of
legally defective money judgments taken against her by her ex-in-laws and ex-
husband appearing as plaintiffs in a well planned fraud scam dressed as a libel suit
that recently blew apart when it was discovered that plaintiffs' counsel had in early
2009 failed to serve and file a copy of the underlying order with notice of entry.
The said underlying order granted plaintiffs summary judgment on default. On the
very next court day following the said discovery, which was May 23, 2011, I had a

(over)

Hon. Robert E. Grossman United
States Bankruptcy Court Letter
Dated June 29, 2011 Page 2 of 5
Pages

valid notice of entry served on the plaintiffs' counsel, followed by a filing of same
at the county clerk.

The instant motion describes the manner in which plaintiffs proceeded alone to an
inquest during May of 2009 without any service of notice of entry of the order, and
without ever advising defendants that an inquest was scheduled for that day.
Moreover, the said order specifically directed plaintiffs' counsel to serve a copy of
the order with notice of entry upon the defendants by both regular mail and
certified mail.

The Plaintiffs, via the ex-parte inquest successfully obtained a judgment of
$1,290,000.00 against Feige, and then quickly proceeded to enforce same. They
moved for an order directing the sheriff to sell Feige's rights, title and interest in
her home, and likewise moved to offset and nullify the maintenance award
required of the plaintiff ex-husband to pay bi-monthly to Feige. Clearly, this was
the objective of the scam.   They never dreamt that Feige and I would uncover their
scam or confront them with resistance at almost every turn.

The motion's supporting papers likewise describes with evidence that plaintiffs'
counsel first became aware in November 2009 that he had failed to serve the notice
of entry, and further describes in clear detail the dishonest manner in which
plaintiffs' counsel during 2010 and March 2011 mislead the defendants and the
Appellate Division with perjurious Affirmations in order to conceal his failure.

Now with the recent May discovery regarding the notice of entry, their plan has
been knocked to the floor and is gasping for air. A proper motion by defendants to
vacate under CPLR 5015(l)(a) should surely kill the possibility of any further
threat. However, most disappointingly, it's not that simple, as I shall explain next.

Without looking to become the Nassau County Supreme Court's Frank Serpico, my
daughter (and I) cannot obtain any justice in the courtroom of Judge Steven

(over)

Hon. Robert E. Grossman United
States Bankruptcy Court Letter
Dated June 29, 2011 Page 3 of 5
Pages


Jaeger, the judge currently assigned to the case.   There has not been any rulings
from Judge Jaeger in the case as of yet. It's not about us being sore-losers in
litigation. The instant motion's supporting papers at f 5 clearly explains that Judge
Jaeger's law secretary, Mr. Eric Milgrim, has been shamelessly trying to finagle
the case and to falsely cut off our rights by preventing us to move to vacate the
fraudulent money judgments as well as the underlying order that granted the
plaintiffs summary judgment. Additionally, I was threatened by Mr. Milgrim that
if I brought the instant motion seeking vacatur of the default pursuant to CPLR
5015(a)(l) that my motion as well as my current pending motion would not be
read.   The two specific documents that are annexed as exhibit "O" to the instant
motion, one of which was handwritten by Mr. Eric Milgrim, and the other from
plaintiffs' of counsel, corroborate these allegations, which are more fully described
in the motion papers.

Additionally, what is not included within the supporting papers of the instant
motion, but was just recently revealed, the plaintiffs' counsel, Michael Solomon,
on or about May 4, 2011, had moved before another Judge using a different index
number for an order directing the Nassau County Sheriff to sell Feige's home, and
asking for a reduction of one hundred thousand dollars from the current Homestead
that is today set at $150,000.00.   Michael Solomon, acting in strict accordance
with his *modus operandi,* did not disclose within his notice of motion the true
judge and courtroom as to where his motion was to be heard.   Instead his notice of
motion states explicitly the matter is returnable before Judge Jaeger, at the
courtroom of Judge Jaeger. The return date of this very crucial motion was May
25, 2011, the same day that four other motions were on before Judge Jaeger. The
time too was the same identical time. To make things even more convenient for
himself, because Feige is deaf and self represented and requires a sign language
interpreter at the courtroom, Michael Solomon specifically requested that there be
no oral argument, only submission of the papers.

Needles to say, we did not submit papers to that other judge in opposition.   On
May 25,2011, while oblivious to Michael Solomon's latest scam, I appeared only

(over)

Hon. Robert E. Grossman United
States Bankruptcy Court Letter
Dated June 29, 2011 Page 4 of 5
Pages

at the courtroom of Judge Jaeger with powerful papers in opposition, but never
submitted a copy to the other judge.

It goes without saying, the Debtor Feige Zaretsky was found to be in default. The
judge's memorandum decision dated June 14, 2011, just one day before Feige filed
for bankruptcy states, "settle an order on notice".

This week, upon my discovering this latest scam, I contacted chambers and
advised the clerk as to the fraud perpetrated by Michael Solomon on the court. I
clearly explained that the notice of motion sent me to a different courtroom, and
where I appeared.   Likewise, I advised of Feige having filled for bankruptcy.
Regarding the deceptive notice of motion, I was told, "the judge said you will have
to make a motion to re-argue". I found it strange that despite the Judge hearing
that Michael Solomon pulled a fraud on the court, of which the evidence is on the
face of the notice of motion, instead of the judge vacating her decision *sua sponte,*
she advises me to make a motion of which no appeal can be taken, and from which
no stay can be obtained at the Appellate Division. I was additionally told in the
name of the judge, "since Michael Solomon paid for the motion, it not his problem,
but it's your problem. Therefore you have to make a motion to re-argue." Even
after giving judge the benefit of the doubt, that she was referring to payment to the
court cashier for the motion, I get the feeling that someone at the courthouse wants
very much to see Feige's home sold by the sheriff.

Additionally, I offered to fax in a copy to chambers of the bankruptcy filing or to
bring down in person. Curiously, the response I received was, "the judge says she
doesn't want you sending her any proof of bankruptcy filings". Need I say more?

I am certain that this Honorable Court will see opposition to the instant motion by
plaintiffs' counsel, whether it be Michael Solomon or someone else. Only, the
opposition will <u>not</u> be on the merits, but against this Court hearing the motion in
the first place. The plaintiffs know they cannot beat this motion on the merits, or in
any straightforward forum, and so they will not want the motion heard at the

(over)

Hon. Robert E. Grossman United
States Bankruptcy Court Letter
Dated June 29, 2011 Page 5 of 5
Pages


bankruptcy Court. They will demand on all sorts of absurd jurisdictional grounds that the motion be sent to the state court where they are in control of the decision.

Accordingly, Feige and I pray that Your Honor will accept the motion on behalf of the within Debtor, and grant an extension of the automatic stay, together with an enlargement of thirty days time to submit the necessary documents to the Trustee.

Additionally, a copy of the debtor's Amended Verified Answer, as per the instant Notice of Motion's sub-letter (e) is accompanying this letter.

Thank you for giving this matter your immediate attention.


                                        Very sincerely yours,


                                        Aaron Berlin


cc: Feige Zaretsky
    All creditors

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------X
MAXI-AIDS INC.,

|                                          |                              |
|------------------------------------------|------------------------------|
| Plaintiff,                               | Index #8498-10               |
| -against-                                | AFFIRMATION IN OPPOSITION    |
| FEIGE ZARETSKY and HAROLD ZARETSKY       | IAS Justice: Hon. Ute Wolff Lally |
| Defendants.                              | Return Date: 8/1/11          |

------------------------------------------------------------------------X

MICHAEL D. SOLOMON, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

1. I am the attorney for Plaintiff in the above-captioned matter and make this affirmation in opposition to Defendant Feige Zaretsky's Order to Show Cause to vacate the Memorandum Decision of this Court dated June 14, 2011; to deny Plaintiff's motion to confirm the homestead exemption of $50,000.00; and to issue an Order of recusal by this Court.

2. One hardly knows where to begin to oppose Defendant's motion. Firstly, it cannot go unmentioned that Defendant seeks an Order of recusal **after** she requests affirmative relief from this Court. Apparently, this honorable Court should only recuse itself after granting Defendant's request to vacate the Memorandum Decision at issue. The irony is palpable.

3. Secondly, Defendant is not entitled to the relief she seeks herein. In the body of her Affidavit, Defendant argues that the Memorandum Decision be vacated pursuant to CPLR 5015. Here is where the obvious ghostwriter preparing Defendant's papers

truly demonstrates that simply reciting law is not the equivalent of understanding its application. CPLR 5015 only applies to relief from judgments or orders. The document at issue herein is a Memorandum Decision. The attenuant Order is not scheduled for settlement until August 17, 2011. There is no judgment or order from which Defendant is entitled to seek relief. Therefore, Defendant is not legally entitled to the relief sought herein. There is simply no basis for her request.

4. Thirdly, Defendant and her ghostwriter's ignorance of the law is also obvious in the type of motion made. According to Defendant, she was advised by this honorable Court to make a motion to renew and reargue the decision. Despite this clear advice, Defendant chose the within avenue of relief. Now, she is bound by her decision. This honorable Court cannot convert the Order to Show Cause to one for leave to renew or reargue, as those motions require specific appellations and different proofs than offered herein pursuant to CPLR 2221(d) and (e).

5. Finally, as to the arguments set forth in the motion, to wit: your affirmant intentionally filed a motion returnable before the incorrect justice in order to defraud the Court and Defendant, it is an argument created from the twisted imagination of Defendant and her father, Aaron Berlin, a co-defendant in the underlying libel action that gave rise to the subject money judgment sought to be enforced by Plaintiff herein. Defendant and her father have embarked on a calculated campaign to maliciously libel your affirmant, filing frivolous lawsuits against me and sending non-privileged correspondence to numerous state and federal judges maligning my character and my professionalism. They have expanded their smear campaign to members of the judiciary and their staff, as set forth in the letters annexed hereto as Exhibit "A." As the

Court will note, it has been the subject of destructive comments to a federal bankruptcy judge and Justice Jaeger's law secretary, Eric Milgrim, has been personally targeted.

6. The error in noticing the underlying motion before Justice Jaeger was not only wholly innocent, no prejudice whatsoever inured to Defendant as a result of the error. Plaintiff's motion to confirm was filed under the correct caption and index number; however, the motion was made returnable before Justice Jaeger. This was done under the mistaken belief that Justice Jaeger had all matters before him concerning the parties herein. As the within case is a related case to the underlying post-judgment libel action, it was a logical belief.

7. It is unknown precisely how Plaintiff's motion was transferred to this honorable Court; however, it obviously was done. See 22 NY ADC 202.3(c)(5); Sears, Roebuck & Co. v. Board of Assessors of Town of Union, 182 AD2d 970, 582 NYS2d 566 (3d Dept. 1992). Defendant was on notice of the motion to confirm, as she was served with a copy of the motion. Further, she did file opposition to the motion in the form of an omnibus opposition (Exhibit "B") to all pending motions before Justice Jaeger (there were 4 other motions on for the same date as the motion to confirm). Despite knowing full well that Plaintiff was moving to confirm the homestead exemption of $50,000.00 and believing that the motion was in fact returnable before Justice Jaeger, nowhere in Defendant's opposition filed with Justice Jaeger does she oppose the confirmation of the homestead exemption. In fact, she never even addresses it. Even the instant motion contains no defense to the argument that the $50,000.00 homestead exemption should be applied. Therefore, it is wholly disingenuous for Defendant to claim that she

would have opposed the relief sought. She had the opportunity to do so and elected not to.

8.    Defendant has been cornered and she cannot escape the inevitable. Plaintiff is entitled to collect on its validly-obtained, legally-enforceable money judgment. Plaintiff is entitled by law to do so by Sheriff's sale of real property owned by Defendant. Defendant and her father have taken numerous steps throughout this litigation to avoid satisfaction of Plaintiff's money judgment, as set forth in the within chart:

| Date | Relief sought | Decision |
|------|---------------|----------|
| 12/17/09 | Appeal from Order on default and judgment | Appeal dismissed 5/7/10 |
| 6/11/10 | Move to vacate default | Motion denied 7/27/10 |
| 8/5/10 | Appeal from denial of vacate default & Motion to stay enforcement of judgment | Appellate motion denied 8/30/10 & Appeal never perfected |
| 8/16/10 | Motion to vacate default and all subsequent orders flowing therefrom | Motion denied on 9/13/10 |
| 9/20/10 | Motion to vacate default | Motion denied on 11/22/10 |
| 10/15/10 | Notice of Appeal 9/13/10 Order | Time to perfect expires 4/15/11 |
| 12/29/10 | Motion to vacate judgment | Pending |
| 1/5/11 | Appellate motion to stay enforcement of judgment and leave to appeal judgment and to vacate default | Motion denied on 4/6/11 |
| 1/3/11 | Filed EDNY bankruptcy petition | Dismissed 3/16/11 |
| 5/24/11 | Appellate motion to stay all Proceedings and Notice of Appeal from 12/29/10 Order | Appellate motion denied and Appeal dismissed on 6/10/11 |
| 6/15/11 | Filed EDNY bankruptcy petition | Stay vacated on 7/18/11 |

9.    It cannot be ignored that all of Defendant's attempts to avoid satisfaction of

Plaintiff's money judgment have been wholly rejected by every court she has sought

relief from.   Stays have been denied or vacated; appeals repeatedly denied; bankruptcy

stays and petitions dismissed; motions to vacate have been continuously denied.   The

time has come to pay the proverbial piper.   This instant application is just the latest in a

very long line of evasive measures taken by Defendant and her father to avoid a very

substantial money judgment arising out of a series of vicious e-mails libeling Plaintiff

herein, together with co-Defendant Harold Zaretsky and his parents.   This honorable

Court should follow the decisions of its colleagues and deny Defendant's Order to Show

Cause in its entirety.

         WHEREFORE your affirmant prays that the Defendant's Order to Show

Cause be denied in its entirety, together with such other and further relief as to the

Court may seem just and proper.

Dated:   Levittown, New York
         July   , 2011



                                              _____
                                              MICHAEL D. SOLOMON

**SHORT FORM ORDER**

## SUPREME COURT - STATE OF NEW YORK
## COUNTY OF NASSAU

Present:

    **Hon. Thomas Feinman**
            **Justice**

---

MAXI-AIDS, INC.,

                          Petitioner,

- against -

FEIGE ZARETSKY and HAROLD ZARETSKY,

                          Respondents.

---

TRIAL/IAS PART 15
NASSAU COUNTY

INDEX NO. 8498/10

X X X

MOTION SUBMISSION
DATE: 5/10/10

MOTION SEQUENCE
NO. 1

The following papers read on this motion:

    Notice of Petition and Affidavits..............................   **X**
    Affirmation in Opposition.......................................   **N/A**
    Reply Affirmation.................................................   **N/A**

The instant petition is granted as it is unopposed.

It is hereby,

ORDERED that Feige Zaretsky is awarded a homestead exemption of Fifty Thousand and 00/100 Dollars, ($50,000.00), in the property located at 10 Chestnut Drive, Plainview, NY 11803 pursuant to CPLR §5206, and it is hereby further

ORDERED that the Nassau County Sheriff is hereby directed to sell Feige Zaretsky's interest in the premises located at 10 Chestnut Drive, Plainview, New York 11803 pursuant to CPLR §5236 and disburse the proceeds of the sale subject to a judgment lien held by petition in the amount of Three Hundred Eighty-Two Thousand Eight Hundred Fifty and 00/100 Dollars, ($382,850.00), plus statutory interest from December 1, 2008 and subject to the homestead exemption.

ENTER:

_____
J.S.C.

Dated: May 26, 2010
cc: Law Office of Solomon & Herrera, PLLC
    Feige Zaretsky
    Harold Zaretsky

**! ORIGINAL ENTERED**

**JUN 01 2010**

**NASSAU COUNTY
COUNTY CLERK'S OFFICE**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

......................................................................................................x

In re:                                                        8-11-74257 (REG)

    FEIGE ZARETSKY

Debtor.

.x

# ADDENDUM TWO
# TO APPEAL

## JULY 27, 2011

Feige Zaretzky
c/o Berlin
1909 New York Avenue
Brooklyn, NY 11210
(917)803-4155

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

### CIVIL COVER SHEET

This form is REQUIRED for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

IN RE: Bankruptcy Case No. 8-11-74257 (Reg)          Adv. Pro. No. *(if applicable)*_____

## Bankruptcy Appeal

| APPELLANTS | APPELLEES |
|---|---|
| Feige Zaretsky<br>C/o Berlin<br>1409 New York Ave<br>Brooklyn, NY. 11210<br>(917) 803-4155 | |
| ATTORNEYS (FIRM NAME, ADDRESS, TEL. NO.) | ATTORNEYS (IF KNOWN) |

BASIS OF JURISDICTION: Federal Question

CAUSE OF ACTION - 28:1334 Bankruptcy Appeal (*Write brief statement of cause.*)

NATURE OF SUIT: 422 Bankruptcy Appeal (801)

RELATED CASE(S) IN <u>DISTRICT COURT</u>, IF ANY

DISTRICT JUDGE hon. Sandra J. Feuerstein          DOCKET NUMBER CV 10-03771

*CIVIL CASES ARE DEEMED RELATED IF PENDING CASE INVOLVED:*

☑ *1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT*
☑ *2. SAME ISSUE OF FACT OR GROWS OUT OF THE SAME TRANSACTION*
☐ *3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT COPYRIGHT OR TRADEMARK*

Date: 8/1/11          Signature of Attorney of Record: Feige Zarr

*[or Appellant Pro Se]*

**900-4**

**FOR COURT USE ONLY**

APPLYING IFP_____      JUDGE_____      MAG. JUDGE_____

**CIVIL COVER SHEET, Bankruptcy Appeal (cont'd)**

Did the cause of action arise in Nassau or Suffolk County?_____

If YES, please indicate which county:_____

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

YES ☐                          NO ☑

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

YES ☐ (If yes, please explain)        NO ☑

Please provide your bar code and e-mail address below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number, or any other four-digit number registered by the attorney with the Clerk of Court. This information must be provided pursuant to local rule 11.1(b) of the local civil rules.

Attorney Bar Code:_____

E-Mail Address:_____

USBC-84 [r.4/10/03]]

**900-5**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
............................................................... x
In re:      Case No. 8-11-47257

                                              Chapter: 13


                    Debtor  FEIGE ZARETSKT


                    **CERTIFICATE OF SERVICE**


The undersigned certifies that on _AUGUST  1  /20 11_
                                        (date of mailing)
a copy of the annexed papers was served by depositing same, enclosed

in a properly addressed postage-paid envelope, in an official depository

under the exclusive care and custody of the United States Postal Service

within the State of New York, upon [specify name and mailing address of

each party served]:

Attorneys for Samuelson
125 Michael Drive, Suite 105
Syosset, New York 11791


County of Nassau sheriff 's department
240 old country road
Mineola N Y 11050

Raoul Felder and Partners, P.C.
437 Madison Ave.
New York, N.Y. 10022

Samuelson, Hause & Samuelson, LLP
300 Garden City Plaza
Garden City, N. Y. 11530

Louis S. Labert, Esq.
666 Old Country Rd.
Garden City, N. Y. 11530

Zaretskey elliot
2 bay club dr apt 3z3
Bayside N Y 11360 2920

Zaretskey  Shirley
2 bay club dr apt 3z3
Bayside N Y 11360 2920

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
..............................................................x
In re:      Case No.. 8-11-47257

                                                    Chapter: 13


                    Debtor  FEIGE ZARETSKT


                    CERTIFICATE OF SERVICE


The undersigned certifies that on _____
                                        (date of mailing)
a copy of the annexed papers was served by depositing same, enclosed

in a properly addressed postage-paid envelope, in an official depository

under the exclusive care and custody of the United States Postal Service

within the State of New York, upon [specify name and mailing address of

each party served]:

Attorneys for Samuelson
125 Michael Drive, Suite 105
Syosset, New York 11791


County of Nassau sheriff 's department
240 old country road
Mineola N Y 11050


Raoul Felder and Partners, P.C.
437 Madison Ave.
New York, N.Y. 10022


Samuelson, Hause & Samuelson, LLP
300 Garden City Plaza
Garden City, N. Y. 11530


Louis S. Labert, Esq.
666 Old Country Rd.
Garden City, N. Y. 11530


Zaretskey elliot
2 bay club dr apt 3z3
Bayside N Y 11360 2920


Zaretskey  Shirley
2 bay club dr apt 3z3
Bayside N Y 11360 2920

Citicards
P.o. Boc 182564
Columbus oh 43218-2564
--

MICHAEL J. MACCO
Chapter 13 Trustee
135 Pinelawn Road, Suite 120 South
Melville, New York 11747
(631)549-7900

Solomon & Herrera, PLLC
2950 Hempstead Turnpike
Levittown, NY 11756

US Trustee I
Long Island Federal Courthouse 560
Federal Plaza- Room 560 Central
IslfLp, New York 11722

DATED

(signature)